WILLIAM A. RAWSON, plaintiff in error, *vs.* POINDEXTER CHERRY, defendant in error.

Where a promissory note of the date of October 17th, 1861, was sued and the defendant pleaded the scaling ordinance of 1865, and on the trial there was no proof of any kind that it was the intent of the parties it should be payable in Confederate money, or that they dealt in reference to the then currency, it was not competent for the jury to scale it under that ordinance, nor does the fact that the note was payable in cotton at ten cents a pound alter the case.

Scaling ordinance.     Before Judge JAMES JOHNSON.     Stewart Superior Court.     October Term, 1874.

The above head-note reports this case.

JOHN T. CLARKE; B. S. WORRILL; J. L. WIMBERLY, for plaintiff in error.

E. H. BEALL; M. J. CRAWFORD, for defendant.

McCAY, Judge.

There was *nothing* in the evidence to justify the application of the scaling ordinance of 1865 by the jury but the fact that the date of the note was after June, 1861.   It is plain that it would not be competent for the convention to have adopted such an ordinance except upon the known fact that, as a general rule, contracts between those dates were made in view of Confederate money as the medium of payment, and as a measure of the articles bought or sold or contracted about.   It was evident that, under such circumstances, the constitutional measure of value was inequitable, and to pass upon the meaning of contracts in the sole light of it would be to pervert their meaning; for the truth was, that whatever the law, the theory of the thing might be, the constitution of the United States was not practically of force.   But, to justify the application of the act, it must in some way appear that the contract comes, not within the letter of the ordinance, (for by the letter alone the ordinance would be void,) but within the reason that jus-

tifies and makes the ordinance valid.   In other words, it must appear expressly, or by implication, that the parties were contracting with reference to something else as a measure of value than gold and silver.   I am, myself, disposed to think that the courts will take notice, as a historical fact, of the medium of circulation, after Confederate money got into circulation, although I believe my brethren do not fully concur in that view.  'But I cannot say that the date of this note is within that period.   In fact, we all know it was not.   It was for the parties to prove by facts what was the intent.   We do not say that the intent must have been expressed in writing or in words; but the facts should bring the contract within the reason that justifies the ordinance.   As I have said, the date of this note (October 17, 1861,) does not.   There was no other evidence.   *Prima facie*, in October, 1861, ten cents a pound meant ten cents in money.   If the currency was something else at that date, that fact should appear.   If there was any fact from which it was inferable that they did not deal with reference to gold and silver, it ought to have appeared.

Judgment reversed.